MELINDA HAAG (CABN 132612)
United States Attorney
JOANN M. SWANSON (CABN 88143)
Chief, Civil Division
MELISSA K. B. SLADDEN (CABN 203307)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6962
    FAX: (415) 436-6748
    melissa.sladden@usdoj.gov

Attorneys for Defendant

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| MALINDA DOTSON,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.<br><br>    Defendant. | No. C 08-04291 SI<br><br>**STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE OF FEDERAL TORT CLAIMS ACT CLAIMS PURSUANT TO 28 U.S.C. § 2677; [~~PROPOSED~~] ORDER** |

C 08-04291 SI

THE PARTIES AND THEIR ATTORNEYS OF RECORD HEREBY SUBMIT THE FOLLOWING STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE (hereinafter, "Stipulation and Agreement"):

It is hereby stipulated by and between the undersigned Plaintiff and the UNITED STATES OF AMERICA, by and through their respective attorneys, as follows:

WHEREAS, Plaintiff filed the above-captioned action under the Federal Tort Claims Act, 28 U.S.C. §§ 2671 *et seq.*;

WHEREAS, Plaintiff and the United States of America wish to avoid any further litigation and controversy and to settle and compromise fully any and all claims and issues that have been raised, or could have been raised in this action, which have transpired prior to the execution of this Agreement;

IT IS HEREBY STIPULATED AND AGREED as follows:

1. **The Parties**. The parties to this Stipulation and Agreement are plaintiff Malinda Dotson (hereinafter "Plaintiff"), on the one hand, and defendant United States of America, on the other hand. Plaintiff and the United States of America are collectively referred to in this Stipulation and Agreement as "the Parties" and individually as a "Party."

2. **Agreement to Compromise Claims**. Plaintiff and the United States hereby agree to settle and compromise the above-entitled action under the terms and conditions set forth herein. The parties do hereby agree to settle and compromise each and every claim of any kind, whether known or unknown, arising directly or indirectly from the acts or omissions that gave rise to the above-captioned action under the terms and conditions set forth in this Settlement Agreement.

3. **Settlement Amount** The United States agrees to pay to Plaintiff the sum of Seven Thousand Five Hundred Dollars and No Cents ($7,500.00), made payable to Malinda Dotson and her attorney James A. Zito, under the terms and conditions set forth herein, which sum shall be in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, arising from, and by reason of any and all known and unknown, foreseen and unforeseen bodily and personal injuries, damage to property and the consequences thereof, resulting, and to result, from the same subject matter that gave rise to the above-

captioned lawsuit, for which Plaintiff, her heirs, executors, administrators, or assigns, and each of them, now have or may hereafter acquire against the United States of America or its past or present agents, servants, past and present employees, past and present administrators and assigns. As stated in the United States of America's Answer, the payment of the Settlement Amount is subject to the availability of sufficient funds in the special account for community health center settlements and judgments to pay the entire Settlement Amount at one time. 42 U.S. C. §233(k).

    4. **Release**. Plaintiff and her guardians, heirs, executors, administrators, or assigns hereby agree to accept Seven Thousand Five Hundred Dollars and No Cents ($7,500.00) in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, including claims for wrongful death, arising from, and by reason of any and all known and unknown, foreseen and unforeseen bodily and personal injuries, damage to property and the consequences thereof which they may have or hereafter acquire against the United States of America, its past and present agents, past and present servants, past and present employees, past and present administrators, or assigns on account of the same subject matter that gave rise to the above-captioned action, including any future claim or lawsuit of any kind or type whatsoever, whether known or unknown, and whether for compensatory or exemplary damages. Plaintiff and her guardians, heirs, executors, administrators or assigns further agree to reimburse, indemnify and hold harmless the United States of America, its past and present agents, past and present servants, past and present employees, past and present administrators, or assigns from and against any and all such causes of action, claims, liens, rights, or subrogated or contribution interests incident to or resulting from further litigation or the prosecution of claims by Plaintiff or her guardians, heirs, executors, administrators or assigns against any third party or against the United States of America, including claims for wrongful death.

    5. **Dismissal**. In consideration of the payment of Seven Thousand Five Hundred Dollars and No Cents ($7,500.00) and the other terms of this Stipulation and Agreement, Plaintiff agrees to immediately upon execution of this Stipulation and Agreement, execute the accompanying Stipulation For Dismissal with Prejudice, which stipulation shall dismiss, with prejudice, all claims asserted in this Action or any claims against the United States of America that could have

been asserted in this Action, which is captioned <u>Malinda Dotson v. United States of America</u>, C08-04291 SI. The fully executed Stipulation For Dismissal with Prejudice will be held by counsel for the defendant and will be filed with the Court upon receipt by Plaintiff's counsel of the Settlement Amount and the completion of the settlement terms described herein.

6. **No Admission of Liability**. This Stipulation and Agreement is entered into by all Parties for the purpose of compromising disputed claims and avoiding the expenses and risks of litigation. This settlement does not constitute an admission of liability or fault on the part of any Party.

7. **Attorney's Fees**. It is also understood by and among the parties that pursuant to Title 28, United States Code, Section 2678, attorney's fees for services rendered in connection with this action shall not exceed 25 per centum of the amount of the compromise settlement. It is agreed, by and among the Parties, that no Party may make any claim for attorney's fees or other costs or expenses of litigation against the United States, their past and present agents, servants, or past or present employees, administrators or assigns in connection with the above-captioned lawsuit.

8. **Complete Defense**. It is agreed, by and among the Parties, that this Stipulation and Agreement may be pled as a full and complete defense to any subsequent action or other proceeding which arises out of the claims released and discharged by this Stipulation and Agreement.

9. **Parties Bear Their Own Costs**. It is agreed, by and among the Parties, that the settlement amount of Seven Thousand Five Hundred Dollars and No Cents ($7,500.00) paid by the United States of America to Plaintiff represents the entire amount of the compromise settlement and that the respective Parties will each bear their own costs, fees, and expenses and that any attorneys' fees owed by the Plaintiff will be paid out of the settlement amount and not in addition thereto.

10. **Payment by Electronic Funds Transfer**. The Seven Thousand Five Hundred Dollars and No Cents ($7,500.00) to be paid to Plaintiff pursuant to the terms of this Stipulation and Agreement will be made by government wire transfer as per the following:

A. Name of Bank:

B. Street Address of Bank:

C. City, State and Zip Code of Bank:

D. Federal Reserve Number:

E. Routing Number:

F. Name of Account:

G. Account Number:

Plaintiff's attorney agrees to distribute the settlement proceeds to the Plaintiff, and to obtain a dismissal of the above-captioned action with prejudice, with each party bearing its own fees, costs, and expenses. Plaintiff and her attorney have been informed that payment of the Settlement Amount may take sixty (60) days or more from the date that the Court "so orders" this Agreement to process.

     12. **Discharge**. Plaintiff forever discharges the United States of America and any and all of its past and present officials, past and present employees, past and present agents, past and present attorneys, their successors and assigns, from any and all obligations, damages, liabilities, actions, causes of actions, claims and demands of any kind and nature whatsoever, whether suspected or unsuspected, at law or in equity, known or unknown, arising out of the allegations set forth in Plaintiff's pleadings in this action.

     13. **Waiver of California Civil Code § 1542**. The provisions of California Civil Code Section 1542 are set forth below:

> "A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor."

Plaintiff, having been apprised of the statutory language of Civil Code Section 1542 by an attorney of her choosing, and fully understanding the same, nevertheless elects to waive the benefits of any and all rights he may have pursuant to the provision of that statute and any similar provision of federal law. Plaintiff understands that, if the facts concerning injuries or liability for damages pertaining thereto are found hereinafter to be other than or different from the facts now believed by him to be true, this Stipulation and Agreement shall be and remain effective

notwithstanding such material difference.

14. **Authority**. The persons signing this Settlement Agreement warrant and represent that they possess full authority to bind the persons on whose behalf they are signing to the terms of the settlement.

15. **Integration**. This instrument shall constitute the entire Agreement between the parties, and it is expressly understood and agreed that the Agreement has been freely and voluntarily entered into by the parties hereto with the advice of counsel, who have explained the legal effect of this Agreement. The parties further acknowledge that no warranties or representations have been made on any subject other than as set forth in this Agreement. This Agreement may not be altered, modified or otherwise changed in any respect except by writing, duly executed by all of the parties or their authorized representatives.

16. **Withholding**. If any withholding or income tax liability is imposed upon Plaintiff based on payment of the settlement sum as set forth herein, Plaintiff shall be solely responsible for paying any such liability.

17. **Enforcement Sole Remedy**. The Parties agree that, should any dispute arise with respect to the implementation of the terms of this Stipulation and Agreement, no Party shall seek to rescind the Stipulation and Agreement and pursue any of the original causes of action. Each Party's sole remedy in such a dispute is an action to enforce the Stipulation and Agreement in the United States District Court for the Northern District of California. The Parties agree that the district court will retain jurisdiction over this matter for the purposes of resolving any dispute alleging a breach of this Stipulation and Agreement. This Stipulation and Agreement may be signed in counterparts, and any signature on a signature page transmitted by facsimile or by PDF shall be treated the same as an original signature and shall be deemed binding and fully effective.

18. **Construction**. Each Party acknowledges that they have been represented by and have relied upon independent counsel in negotiating, preparing and entering into this Stipulation and Agreement and that they have had the contents of this Stipulation and Agreement fully explained by counsel and that they are fully aware of and understand all of the terms of the agreement and the legal consequences thereof. It is further acknowledged that the Parties have

mutually participated in the drafting of this Stipulation and Agreement and it is agreed that no provision herein shall be construed against any Party hereto by virtue of the drafting of this Stipulation and Agreement.

19. <u>Severability</u>. If any provision of this Stipulation and Agreement shall be held invalid, illegal, or unenforceable, the validity, legality, and enforceability of the remaining provisions shall not in any way be affected or impaired thereby. This instrument shall constitute the entire agreement between the parties, and it is expressly understood and agreed that this agreement has been freely and voluntarily entered into by the parties hereto with the advice of counsel, who have explained the legal effect of this agreement. The Parties further acknowledge that no warranties or representations have been made on any subject other than as set forth in this Stipulation and Agreement.

20. <u>Notice</u>. The Parties further agree that the filing of this executed Stipulation and Agreement shall notify the Court of the agreement by Plaintiff and the United States of America to vacate the pending summary judgment motion hearing date with respect to the Federal Defendant's pending motion for summary judgment associated with this litigation.

DATED: March 14, 2011

Malinda Dotson, Plaintiff

DATED: March 25, 2011

LAW OFFICES OF JAMES A. ZITO

James A. Zito
Attorneys for Plaintiff

DATED: March 25, 2011

MELINDA HAAG
United States Attorney

Melissa Sladden
Assistant United States Attorney

PURSUANT TO STIPULATION, IT IS SO ORDERED:

DATED: 3/29/11

HON. SUSAN ILLSTON
United States District Judge

STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE; [PROPOSED] ORDER - C-08-04291-SI
7